**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CHERMAINE MOSLEY                                                   CIVIL ACTION
                                                                   NO. 07-5465

VERSUS

FOOT LOCKER CORPORATE SERVICES, INC.,         SECTION M
FOOT LOCKER RETAIL, INC. FOOT LOCKER
STORES, INC. D/B/A LADY FOOT LOCKER,
AND RONNIETRICE SIMMONS

**ORDER**

Before the Court is Plaintiff's Motion to Remand, which is opposed by Defendants and which came for hearing on November 14, 2007, on the briefs. Upon consideration of the motion, the briefs, and the applicable law, the Court denies the motion.

**FACTS:**

Plaintiff, Chermaine Mosely, alleges that she was wrongfully terminated from her position with a Foot Locker retail center. She contends that she was discharged due to her pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000(e) et seq. and the Louisiana employment discrimination statute, La. R.S. 23:301 et seq. Mosely also alleges that she was subjected to retaliation for reporting that a co-worker was stealing from the store in violation of the Louisiana Whistleblower Statute, La. R.S. 23:967. Mosely filed suit on August 13, 2007 in the Thirty-Second Judicial District Court for the Parish of Terrebonne, Louisiana, against Foot Locker Corporate Services, Inc., Foot Locker Retail, Inc., Foot Locker

Specialty, Inc, Foot Locker Stores, Inc. d/b/a Lady Foot Locker (Foot Locker) and Ronnietrice Simmons, the district manager of Footlocker. Footlocker timely removed the suit to this Court, and Mosely filed this Motion to Remand.

**ANALYSIS:**

The question for this Court is whether Ronnietrice Simmons, the district manager of Footlocker and a Louisiana resident, was improperly joined.

For Simmons to be properly joined, she must be subject to individual liability as an employer under the federal or state statutes. Both the federal statutes and case law do not support a cause of action against individual supervisors, in either their individual or official capacities. See Seal v. Gateway Companies, Inc., 2001 WL 1018362( E.D. La. 2001). Although the Louisiana Whistleblower statute does not define "employer", the Louisiana employment discrimination statute defines "employer" as "a person, association, legal or commercial entity.... receiving services from an employee and, in return, giving compensation of any kind to an employee. " See La. R.S. §23:302.

As Simmons is not an "employer", Mosely has no viable action against her, and therefore, she is improperly joined. See Smallwood v. Illiniois Cent. R. Co., 385 F. 3d 568, 573 (5th Cir. 2004).

Accordingly, the Motion to Remand is **DENIED.**

New Orleans, Louisiana, this 15th day of November, 2007.

Peter Beer
United States District Judge

2